# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00915-CV

---

**Mohammad Q Mahmood, Appellant**

**v.**

**Inamur Rahman, Sabiha Rahman, John Ward, and Susan Ward, Appellees**

---

**FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
NO. 16-0124-CPSC1, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Mohammad Q Mahmood, acting pro se, filed three notices of appeal in December 2019, purporting to appeal from a protective order entered by a court in Illinois, a judgment signed in March 2018, and a judgment or order that was signed on December 9, 2019.

On January 17, 2020, the Clerk of this Court advised appellant that it appears that this Court lacks jurisdiction over this matter because: (i) a protective order entered by a court in Illinois is outside this Court's district boundaries, *see* Tex. Gov't Code §§ 22.201(d) (listing counties that compose Third Court of Appeals District), .220 (stating that court of appeals has appellate jurisdiction of civil cases within district); (ii) the notice of appeal purporting to appeal from a judgment that was signed in March 2018 was untimely, *see* Tex. R. App. P. 26.1 (stating deadlines for filing notice of appeal in civil cases); and (iii) the clerk's record does not contain a judgment or order that was signed on December 9, 2019, *see Lehmann v. Har-Con Corp.*,

39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *McKinnon v. Wallin*, No. 03-18-00612-CV, 2019 Tex. App. LEXIS 552, at *4 (Tex. App.—Austin Jan. 30, 2019, no pet.) (mem. op.) (dismissing appeal because appellant failed to identify final judgment or appealable order that would support court's jurisdiction). The Clerk requested that appellant file a response by January 27, 2020, explaining how this Court may exercise jurisdiction over this appeal and advised him that the failure to do so would result in the dismissal of this appeal. *See* Tex. R. App. P. 42.3(a).

To date, appellant has not responded to this Court's letter, and no supplemental clerk's record has been filed that contains a final judgment or other appealable order to support this Court's jurisdiction. Because appellant has failed to demonstrate this Court's jurisdiction over this appeal, we dismiss it for want of jurisdiction. *See id.*

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: February 5, 2020

2